STATE v. CARTER
(No. 1164; May 29, 1923; 215 Pac. 484.)

Original proceedings in mandamus by the State of Wyoming on the relation of Hattie M. Hanson, as administratrix of the estate of Arthur G. Hanson, against Vincent Carter as State Auditor to require the issuance of a state warrant in payment of a claim for the death of Arthur G. Hanson, which occurred while in the performance of his duty, while employed by the state as a predatory animal hunter. Heard on demurrer to the petition. The facts being held analagous to the facts in the case of McPherren v. Carter, No. 1162, decided this date, the decision in that case is followed.

*Diefenderfer* and *Wakeman* for relator.

The case is identical with case No. 1162, State v. Carter, in which briefs have already been filed. The only difference in the facts are that decedent was employed by the United States and by the State of Wyoming as a predatory animal hunter whereas McPherren was an undersheriff. The question of the survivability of the right given by the appropriation has been raised by the Attorney General; Under Sec. 5559 Comp. St. all causes of action survive, which survived at common law; the terms "survivability" and "assignability" are convertible. (1 C. J. 174.) Earned salaries or fees of public officers survive, 5 C. J. 866; an award or judgment under a Workman's Compensation Act survives. (Monson v. Battelle, 102 Kan. 208; 170 Pac. 801.) It was held in that case that a non-assignable compensation judgment survives; it is uniformly held that even under an installment award or judgment, all installments due and unpaid survive. (Bertoni's case, 225 Mass. 349; L. R. A. 1917 E. 765; 114 N. E. 663, and note on page 166 of L. R. A. 1917 D.) Soldier's Bounty warrants were assignable. (13 A. L. R. 602.) State warrants for the payment of money lawfully appropriated are assignable, (36

Cyc. 896; State v. Barrett (Mont.) 63 Pac. 1030; Bank v. Herold, 74 Cal. 603, 16 Pac. 507; Dana v. San Francisco, 19 Cal. 491; People v. Gray, 23 Cal. 127; Martin v. San Francisco, 16 Cal. 285.) The legislature having admitted the existence of the debt, it becomes a legal obligation and assignable. It is a "vested interest," (Evans-Snider-Buel Co. v. McFadden, 185 U. S. 505; 46 L. ed. 1012; Graham v. Power Co., (Mont.) 76 Pac. 808;) Vested rights and interest are subject to descent and distribution, 18 C. J. 811; It is the duty of an administrator to collect debts due the estate. (6834 C. S.) The appropriation became vested in Hanson before his death.

*David J. Howell,* Attorney General for respondent.

BLUME, Justice.

This is an action in mandamus originally brought by Arthur G. Hanson in this court against the State Auditor, and arises out of an act of the legislature, Chapter 105 Session Laws of 1923, providing as follows:

"That the sum of four thousand dollars ($4000.00) be, and the same is hereby appropriated out of the funds of the State Treasury, not otherwise appropriated, for the pur· pose of compensating Arthur G. Hanson to the same extent he would have been compensated had he been subject to the provisions of the Workmen's Compensation Law at the time of receiving his injuries; said injuries including a broken back and paralysis of the lower limbs which injuries were sustained in falling over a cliff while trailing a predatory animal."

The petition alleges among other things that relator is and has long been a resident and citizen of Campbell County, Wyoming; that on August 22nd, 1922, he was in the employ of the United States and the State of Wyoming as a predatory animal hunter, under the provisions of Chapter 2 of the Session Laws of Wyoming, 1921; that on said date while engaged in the course of his employment and in

pursuance of his duties as such predatory animal hunter, relator proceeded to trail a predatory animal in Johnson county, Wyoming, for the purpose of killing it; that he looked over a cliff to see whether said animal had taken refuge beneath it; that the ground gave way beneath relator and he was precipitated into an abyss beneath, falling such a distance that his back was broken, his spine fractured and his lower limbs entirely paralyzed, and that he became totally incapacitated and hopelessly incurable; that the respondent refuses to issue a warrant pursuant to the act of relief of the legislature above mentioned, and he prays that a writ of mandamus issue to compel him to do so. The relator having died, Hattie M. Hanson, the administratrix of his estate, has been by written stipulation of counsel, substituted as relator in the case. The Attorney General of the State, appearing for respondent, filed herein a demurrer to the petition for the reason that the petition fails to state facts sufficient to constitute a cause of action. The grounds of the demurrer are the same as in the case of The State of Wyoming on the relation of Ida Geneva McPherren, relator, against Vincent Carter, as State Auditor of the State of Wyoming, respondent, No. 1162 of this court, this day decided. The facts in that case are analogous to the facts in this case, the same principles of law govern both cases, and the ruling in the McPherren case must follow in this.

The demurrer filed herein must accordingly, be overruled, and an order to that effect will be entered.

POTTER, Ch. J., and KIMBALL, J., concur.